# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Kenneth Herman Bennett | )<br>) Case No: 5:13-cr-41-KDB-DCK-1<br>)<br>) USM No: 28211-058 |
| Date of Original Judgment: 02/04/2015<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 02/04/2015 shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 21, 2024

*Kenneth D. Bell*
*United States District Judge*

*Judge's signature*

Effective Date: _____  Kenneth D. Bell
*(if different from order date)*  *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Kenneth Herman Bennett
CASE NUMBER: 5:13-cr-41-KDB-DCK-1
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 37              Amended Total Offense Level: 37
Criminal History Category: III                Criminal History Category: II
Previous Guideline Range: 232 to 327 months   Amended Guideline Range: 235 to 293 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendment to U.S.S.G. §4A1.1 in Amendment 821 does apply to the Defendant as he had "status points" as his offense was committed while he was under a criminal sentence. (Doc. No. 30, ¶ 46). With the removal of the 2 status points (because the Defendant had 6 or fewer criminal history points), criminal history points of 3 equals a criminal history category of II. With an Offense Level of 37 and a criminal history category II, the sentencing guideline range becomes 235-293 months imprisonment. Defendant was sentenced to 180 months imprisonment. (Doc. No. 35). Due to the limitation provided in U.S.S.G. §1B1.10(b)(2)(A), the Court cannot impose a sentence below the already imposed sentence. Amendment 821 provides no relief to Defendant. There is no need to appoint counsel in this matter.